UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Samuel Costa,
        Petitioner

        v.                                    Case No. 26-cv-359-SM-TSM
                                              Opinion No. 2026 DNH 064

Christopher Brackett,
Superintendent, Strafford County
Dept. of Corrections, et al.,
        Respondents


**O R D E R**


Samuel Costa petitions the court for an order directing respondents to release him immediately from ICE custody or, in the alternative, an order directing the federal respondents to provide him with a prompt, constitutionally-adequate bond hearing before a neutral decisionmaker.  See generally 28 U.S.C. § 2241.  On May 11, 2026, the respondents were directed to show cause why the court should not issue an order granting Costa's petition to the extent it seeks an order directing them to grant Costa a bond hearing based upon his apparent membership in the class certified in Guerrero Orellana v. Moniz, No. 25-cv-12664-PBS, 2025 WL 3687757, at *10-11 (D. Mass. Dec. 19, 2025), and/or his similarity to the petitioner in Destino v. FCI Berlin, Warden, No. 25-cv-374-SE-AJ, 2025 WL 4010424 (D.N.H. Dec. 24, 2025).

The respondents filed their response to the order to show cause on May 15, 2026, in which they maintain that Destino and Guerrero Orellana were wrongly decided, assert that Costa is subject to mandatory detention pursuant to 8 U.S.C. § 1225, and object to the court granting the relief he seeks.  See Response to Order to Show Cause (document no. 6).  Nonetheless, they acknowledge that the court would reach the same result in this case as it reached in Destino if it were to apply the same reasoning as set forth in that case.

### Conclusion

The respondents have failed to show cause why the court should not order them to afford Costa a bond hearing before an immigration judge (IJ).  Because the court concludes that the reasoning in Destino applies in this case, Costa's petition is granted, in part.  The respondents are ordered to provide Costa with a constitutionally-adequate bond hearing before an IJ as soon as practicable, at which the government will bear the burden to either: (1) prove by a preponderance that Costa is a flight risk; or (2) prove by clear and convincing evidence that he poses a danger to the community.  See Destino, 2025 WL 4010424 at *8.  See also Hernandez-Lara v. Lyons, 10 F.4th 19, 41 (1st Cir. 2021).

2

If the government fails to provide a bond hearing, the court will set appropriate terms and conditions of the petitioner's release during the pendency of his removal proceedings.

To the extent Costa seeks an order directing his immediate release, that request is denied without prejudice.  The court finds that a bond hearing before an IJ is sufficient to protect his rights at this stage.

The government shall file a status report within fourteen days.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

June 1, 2026

cc:  Counsel of Record